# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN

FREDDIE GARLAND

Plaintiff

-vs-

WELLS FARGO HOME MORTGAGE, U.S. BANK NATION AL ASSOCIATION, As Trustee, successor in interest to Bank of America, National Association, as Trustee, Successor by merger to LaSalle Bank National Association, as Trustee for Structured Asset Securities Corporation, amortizing Residential Collateral Trust, Mortgage Pass Through Certificates, Series 2004-1, and ORLANS PC,

Defendants

Case No. 17-cv-12246
Hon. Denise Page Hood

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

Plaintiff Freddie Garland States his response as follows:

I. INTRODUCTION

Each Statement of Issues answer presented by opposing counsel sounds as

if it has been removed from the original book of "Protection Tactics For Corporate Greed". The Defendants are trying to sway the court into believing actions herein are those of another routine foreclosure. However, this is quite the opposite. Proceedings that began prior to Plaintiffs release from Federal Penitentiary until present date are so clandestine and unscrupulous that Plaintiff had no other choice but to take action in requesting relief from this honorable court.

Defendant's brief were fatally flawed in several areas, and retain statements that are not only untrue, but can and should be considered perjury on paper. Plaintiff asks this court to adjudicate the inappropriate actions of not only Wells Fargo, but Orlans PC does not have a problem utilizing falsehoods to influence the outcome of these proceedings.

## II. ARGUMENT

### A. OPPOSITION OF SUMMARY JUDGMENT

Defendant cannot carry its burden to show it is entitled to summary judgment. Defendant moves for summary judgment pursuant to Fed. R. Civ. P. 12 (B)(6) and or Federal Rule 56 (A). According to Federal Rule 56 (A), certain criteria must accompany this motion. *"In presenting a motion for summary judgment, the moving party has the initial burden of supporting its position by affidavits,*

*depositions, admissions or other documentary evidence."* Smith v Globe Life Insurance Co. 460 Mich 446, 455; 597 NW2d 28 (1999).

Only after the moving party has carried its burden does the burden shift to the opposing party to show that a genuine issue of disputed fact exists. Id. *"The moving party must specifically identify the matters that it believes have no disputed factual issues."* St. Clair Medical, P C v Borgiel, 270 Mich App 260, 264; 715 NW2d 914 (2006).

## USE OF FED. R. CIV. P. 12 (B)(6) INAPPLICABLE

Use of Fed. R. Civ. P. 12 (b)(6) is inapplicable; Quoting language from Hall v. Bellmon, 935 F. 2d 1106 - Court of Appeals, 10th Circuit 1991, *"A motion to dismiss pursuant to Rule **12(b)(6)** is treated as a motion for summary judgment"*

If we are to rigorously obey the rules of Federal Civil Procedure, then opposing council must respect the guidelines set forth in Federal Rule 56(c) (1), and once again, without the required documentation, such a request is void. *"The provisions of Rule 56(c) for notice to the opposing party and an opportunity for him to serve opposing affidavits are mandatory. Noncompliance therewith deprives the court of authority to grant summary judgment."* Torres v. First

*State Bank of Sierra County, 550 F.2d 1255, 1257 (10th Cir.1977) (citation omitted)."*

This omission leads Plaintiff to believe that the Defendants want the court to concur, simply because they cited several cases superfluously in the hopes that Plaintiff would not respond and provide false documentations that Plaintiff was unaware of and nor made any requests such as applying for a short sale. Such an oversight brands opposing council as sloppy and careless, whilst illustrating to this court their insouciance.

Plaintiff request that the "Failure to state a claim upon which relief can be granted", defense which opposing council is using in conjunction with Fed. R. Civ.

P. 12 (B)(6) and or Federal Rule 56 (A) be stricken as a defense, pursuant to FED. R. CIV. P. 12 (F)(2), on the grounds that such a defense is insufficient. There is no true documentary evidence in opposition to Plaintiff's, which supports the Defendant's position. Since documentary evidence is mandatory, Defendants have chosen not to support their claim with evidence from Plaintiff with his signature. However you will find all sorts of generated documentation that Defendant claimed was sent to Plaintiff. Moreover, the Plaintiff has illustrated that the Defendant is negligent and owes a "duty of care".

## B. REQUEST FOR RELIEF

As opposing council has failed to present an adequate defense, Plaintiff makes an entreaty for relief denoting Fed.R.Civ.P. 8(A) (2) enjoined alongside Federal Rule 56 (A), before contesting the Statement of Issues.

The Mortgage Agreement Indicates the following, *"Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines the requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances."*

As listed in the original complaint, Plaintiff was institutionalized in the Milan Federal Penitentiary from June 8, 2008 until his release on February 17, 2017. Such misfortune is clearly an extenuating circumstance, and by divulging this catastrophe to Lender, Plaintiff simply adhered to the guidelines set forth.

Plaintiff is entitled to relief under Fed.R.Civ.P. 8(A)(2):

1. As abovementioned, Plaintiff contacted Wells Fargo as soon as the unfortunate

situation occurred. This fundamental requirement is listed within the guidelines of the Mortgage Agreement and as a direct requirement it must be honored by the opposing party.

2. Wells Fargo has a duty of care, regarding the "extenuating circumstance clause". It is Defendant's responsibility to investigate and inspect Plaintiff's documentation and change in any economical standing, before rendering a decision or taking foreclosure action. Knowing that his living situation was beyond his control, why wait until he is released to proceed to foreclose, knowing that when reentering society, it has been known that it takes time to readjust to civilization. This is why there are many re-entry programs in the United States. Plaintiff was unable to completely understand why the threat of foreclosure greeted him at his door.

3. Plaintiff fits the criteria set forth within the Home Affordable Modification Program (HAMP ACT). Wells Fargo Bank is one of the many mortgage lenders participating in the HAMP ACT.

4. Defendants could modify the mortgage, but instead disregarded Plaintiff's rights and efforts in an attempt to seize the property illegally.

5. Plaintiff has been denied Due Process, and as a result of such an action, Plaintiff is under severe emotional distress. The evidence

Defendant submitted was not known by Plaintiff and is believed to be false and inaccurate by Plaintiff.

6. Terms of the Mortgage Agreement are vague and ambiguous; *i.e.,* How is the bank going to rectify a situation when an extenuating circumstance does occur? There is nothing explaining the steps they "would" or "should" undertake. Actions therein are entirely open to interpretation, and are leaving Plaintiff at the mercy of the lender.

7. Ambiguous actions are construed as "predatory in nature" and are voidable. Wells Fargo has a duty to disclose how they remedy problems of unforeseen circumstance.

8. Defendant did not communicate with Wells Fargo or any agent of Wells Fargo to request a Short Sale. Wells Fargo provides a letter granting the false request but did not provide any documentation that Plaintiff applied for a short sale. This again shows how Wells Fargo or its agents will go to great lengths to get what they want.

9. Plaintiffs' wife (now ex-wife) was responsible in making the mortgage payments and the upkeep of the marital home until Plaintiff was released from the federal penitentiary per the Judgment of Divorce dated February 26, 2016. See Page 3 of JOD. Once Plaintiff was released, his ex-wife, Linda Garland

were to Quit Claim the property to Plaintiff. To this date this has not occurred.

10. Defendant has incorrectly and falsely stated that Plaintiff lacks legal standing, taking comfort in utilizing a slew of cases. Plaintiff's case cannot be dismissed based on any case law, since no case law is stronger than the Mortgage Deed, which is a binding contract, and is still open to Judicial Interpretation.

11. Defendants displayed conduct exhibiting anticipatory repudiation, and that is the action, which Plaintiff is entitled to move under.

12. Defendants stated, that Wells Fargo is the Lender and holder of the Security Instrument. As such, Wells Fargo admits that they willingly entered into the Mortgage Agreement without altering the previous language, making the clause of "extenuating circumstances" still valid, and there sudden and unexplained changes and actions, arbitrary and capricious or an abuse of discretion, as designated by the following:

*"Sudden and unexplained change, see, e. g., Motor Vehicle Mfrs. Assn. of United States, Inc. v. State Farm Mut. Automobile Ins. Co., 463 U. S. 29, 46-57 (1983), or change that does not take account of legitimate reliance on prior interpretation, see, e. g., United States v. Pennsylvania Industrial Chemical Corp., 411 U. S. 655, 670-675 (1973); NLRB v. Bell Aerospace Co., 416 U. S. 267, 295 (1974), may be*

"*arbitrary, capricious [or] an abuse of discretion,*" *5 U. S. C. § 706(2)(A).*"

13. Under the Security Instrument and or Mortgage Agreement, the Defendant is negligent. In support of this claim Plaintiff alludes to Speleos v. BAC Home Loans Servicing, LP, 755 F. Supp. 2d 304 - Dist. Court, D. Massachusetts 2010, and Jorgensen v. Mass. Port Auth., 905 F.2d 515, 522 (1st Cir.1990) which explicitly asserts, *"To state a claim for negligence, the plaintiff must allege that the defendant 1) owed a legal duty to the plaintiff, 2) breached that duty and 3) was the proximate or legal cause of 4) actual damage or injury."*

   1. The Defendant owed Plaintiff a legal duty to ascertain a specific solution to repair such "extenuating circumstances".
   2. Wells Fargo breached this duty, when they began foreclosure proceedings without considering how their actions would damage Plaintiff after his release from incarceration.
   3. Defendants did not alter the language within the original mortgage agreement, which means they chose to not honor the Security Instruments "extenuating circumstances clause", an action that is considered anticipatory repudiation.
   4. Disregard of the Security Instrument equates to additional conflict and emotional distress for Plaintiff.

*5.* During Plaintiffs unfortunate incarceration at the Milan Federal Penitentiary, the above actions were either done without his knowledge and entered falsely by Defendant, and if the court does not intervene against this corporate racketeering, Plaintiff may still be responsible for incurring debt of the home, even if not in possession.

Plaintiff Freddie Garland asks the court to reflect on the above facts and respectfully requests:

1. that this Court deny Defendants Motion to Dismiss and or Summary Judgment
2. set aside the transfer and or sale the subject property; full possession and order any other relief this Court may deems just and proper
3. grant his request for relief under Fed.R.Civ.P. 8(A)(2) and Federal Rule 56 (A) and;
4. that Plaintiff reserves the right to amend his response at a later date.

Respectfully submitted,

Dated: August 8, 2017

/s/ Freddie Garland   *Freddie Garland*

Plaintiff
15307 Stout
Detroit, Michigan 48223

# EXHIBIT A

STATE OF MICHIGAN
IN THE 3RD CIRCUIT COURT FOR THE COUNTY OF WAYNE
FAMILY DIVISION

LINDA FAY GARLAND,

Plaintiff,

-vs-

FREDDIE GARLAND JR.,

Defendant.

Garland, Linda Fay v Garland, Fre
Hon. Charles S. Hegarty    12/18/2014

14-114075-DO

| YOUR LEGAL SERVICE, PLLC | AKIVA GOLDMAN & ASSOCIATES |
|---|---|
| By: *Melissa A. Schwartz (P-70829)* | By: *Matthew M. Schultz (P-67679)* |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 17515 W. Nine Mile Road, Ste. 755 | 2107 E. 14 Mile Road, Ste. 140 |
| Southfield, Michigan 48075 | Sterling Heights, Michigan 48310 |
| (248) 423-6000 | (586) 268-2400 |

FILED
CATHY M. GARRETT
WAYNE COUNTY CLERK
FEB 26 2016
BY ZS

## CONSENT JUDGMENT OF DIVORCE

At a session of this Court held in the
Wayne County Circuit Court
Detroit, Michigan on: **FEB 2 6 2016**, 2015

Present: HONORABLE **Judge Charles S. Hegarty**
Court Judge

Plaintiff filed a complaint for divorce and proofs were taken in open court in support of the complaint. The Court is satisfied that the material allegations in the complaint are true and that there has been a breakdown of the marriage relationship to the extent that the objects of matrimony have been destroyed and there remains no reasonable likelihood that the marriage relationship can be preserved. The parties have reached an agreement.

*IT IS ORDERED:*

### DIVORCE

The marriage between Plaintiff and Defendant is dissolved and the parties are divorced.

## STATUS QUO

Except as otherwise ordered, the parties shall continue their status quo arrangements until December 31, 2015. Any arrearages under the status quo order or agreement shall be preserved and payable forthwith.

## SPOUSAL SUPPORT

Neither party is awarded spousal support and spousal support is reserved.

No Uniform Spousal Support Order is attached as spousal support is not ordered at this time.

## POWER OF ATTORNEY

During the period of Defendant husband's incarceration, the Plaintiff wife shall remain as Defendant husband's Power of Attorney. All benefits payable to Defendant husband as set forth in this Judgment shall be submitted to the Plaintiff wife. Plaintiff wife shall relinquish her Power of Attorney no later than seven days after Defendant husband's release from incarceration. While Plaintiff wife is Defendant husband's Power of Attorney, Plaintiff wife will provide copies of the power of attorney bank account statements to Defendant husband on a quarterly basis (i.e. every three months). While the Defendant husband is incarcerated and the Plaintiff wife is his Power of Attorney, the Plaintiff wife will provide Defendant husband with $250.00 per month from his share of his monthly pension benefits. The balance of the Defendant husband's income will be used for Plaintiff wife's bills and household expenses.

## DEFENDANT HUSBAND'S RELEASE FROM INCARCERATION

The Defendant husband shall notify Plaintiff wife in writing immediately upon learning of any release date other than February 20, 2017 from his incarceration. Notice shall be provided to Plaintiff wife by Defendant husband of his incarceration release date to enable her to locate alternate housing and prepare and pack to move from the marital home located at 15307 Stout, Detroit, Michigan 48223.

## DIVISION OF PROPERTY AND RELATED DEBTS

### MARITAL HOME

1. The Plaintiff wife and Defendant husband shall hold the real property located at 15307 Stout, Detroit, Michigan 48223: W Stout 269 Morningside Sub L41 P61 Plats, WCR 22/471 40 x 114,

Property Identification: 22101773, as joint tenants with rights of survivorship until Defendant husband is released from incarceration.

2. As of the date of entry of the Judgment, the Defendant husband will hold Plaintiff wife harmless and indemnify Plaintiff wife from all expenses associated with the marital residence including, but not limited to, the monthly mortgage payments, taxes, ordinary maintenance and repair costs, and homeowner's insurance. During the period that the Defendant husband is incarcerated, the Plaintiff wife shall pay the monthly mortgage payments, taxes, ordinary maintenance and repair costs, and homeowner's insurance on Defendant husband's behalf utilizing his share of the City of Pontiac General Employees Retirement System defined benefit pension plan benefits.

3. After the Defendant husband's release from incarceration, the Defendant husband shall be awarded the marital home located at 15307 Stout, Detroit, Michigan 48223: W Stout 269 Morningside Sub L41 P61 Plats, WCR 22/471 40 x 114, Property Identification: 22101773, as his sole and separate property free and clear of all right, title, claim or interest on the part of the Plaintiff wife. The Plaintiff wife shall within 30 days after Defendant husband's release from incarceration, execute a Quit Claim Deed assigning any interest she may have in said real property to Defendant husband.

4. By signing this Judgment, the Plaintiff wife and the Defendant husband acknowledge that the marital residence has no equity.

5. The Defendant husband is presently incarcerated at the Milan FCI with a release date of February 20, 2017. During the time of Defendant husband's incarceration, the Plaintiff wife shall have the exclusive possession and use of the marital residence located at 15307 Stout, Detroit, Michigan 48223.

6. During her time of exclusive possession and use of the martial residence located at 15307 Stout, Detroit, Michigan 48223, the Plaintiff wife will keep the home tidy and in an ordinary fashion.

7. The Plaintiff wife shall be entitled to claim the marital residence mortgage interest and taxes on her federal, state and local income taxes for the tax years 2015 and 2016.

**OTHER REAL ESTATE**

1. The Plaintiff wife shall be awarded the Summer Bay Resorts timeshare, PO Box 29352, Phoenix, AZ 85038-9352 account ending x3677 (Capital Mgmt. Maintenance, PO Box 864964, Orlando, FL 32886-4964 account ending x6350), as her sole and separate property, free and clear of any right, title, claim or interest on the part of the Defendant husband. The Defendant husband shall forthwith execute and deliver to the Plaintiff wife, a Quit Claim Deed conveying his interest in said property to the Plaintiff wife. The Plaintiff wife shall assume and pay any and all obligations thereon, including the mortgage, membership fees, taxes, insurance, utilities, and timeshare fees.

2. The Plaintiff wife and Defendant husband agree to abandon the timeshare with Cliff at Peace Canyon, PO Box 350547, Fort Lauderdale, FL 33335-0547 contract ending x8-250. Any outstanding liabilities shall be shared equally between Plaintiff wife and Defendant husband.

**PENSION PLAN**

1. The Plaintiff wife shall be awarded a 50% interest in the Defendant husband's City of Pontiac General Employees Retirement System defined benefit pension plan entire benefits (City of Pontiac Employees Retirement System, Attn: Plan Administrator, 2201 Auburn Rd., Suite B, Auburn Hills, Michigan 48326, telephone number (248) 456-0523).

2. For purposes of the division of the retirement benefit, the Defendant husband shall be referred to as the Participant and the Plaintiff wife shall be referred to as the Alternate Payee.

3. The parties shall cooperate in the preparation and entry of the proper transfer order, awarding the Plaintiff wife, benefits from the Defendant husband's, City of Pontiac General Employees Retirement System defined benefit pension plan.

4. The parties agree to utilize Divorce Solutions, 40 Oak Hollow Street, Southfield, Michigan 48033 for their Qualified/Eligible Domestic Relations Order preparation. Each party understands that they will each be individually responsible to retain their own respective attorney to facilitate the Qualified/Eligible Domestic Relations Order. This is a post-judgment representation and will be entered into by each party with their own respective attorney with a new representation agreement after entry of this Judgment.

5. Each party shall cooperate with the preparation of a Qualified/Eligible Domestic Relations Order. The parties will each pay fifty (50%) of the cost for the Qualified/Eligible Domestic

# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN

FREDDIE GARLAND

Plaintiff

Case No. 17-cv-12246
Hon. Denise Page Hood

-vs-

WELLS FARGO HOME MORTGAGE, U.S. BANK NATION AL ASSOCIATION, As Trustee, successor in interest to Bank of America, National Association, as Trustee, Successor by merger to LaSalle Bank National Association, as Trustee for Structured Asset Securities Corporation, amortizing Residential Collateral Trust, Mortgage Pass Through Certificates, Series 2004-1, and ORLANS PC,

Defendants
_____/

## PROOF OF SERVICE

STATE OF MICHIGAN)
WAYNE COUNTY   )

I, __Freddie Garland__, being sworn, says:

On August 8, 2017, I mailed a copy of the Plaintiffs Response in Opposition to Defendants Motion to Dismiss and/or for Summary Judgment and this Proof of Service to the Defendants' attorney whose office is located at:

Plunkett Cooney.
Mathew K Boettcher Esq.
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304

*Freddie Garland* (signature)
Freddie Garland
Plaintiff in Pro Se