# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FREDDIE GARLAND,

        Plaintiff,        CASE NO. 17-12246
                                    HON. DENISE PAGE HOOD

v.

WELLS FARGO HOME MORTGAGE,
U.S. BANK, NATIONAL ASSOCIATION,
ORLANS PC,

        Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE CLERK'S DEFAULT [#17]

This matter is before the Court on Defendant U.S. Bank, National Association's ("U.S. Bank") Motion to Set Aside Clerk's Entry of Default. (Doc # 17) On June 19, 2017, *pro se* Plaintiff Freddie Garland ("Garland") commenced this action in the Circuit Court of Wayne County, Michigan against Defendants U.S. Bank, Wells Fargo Home Mortgage Inc. ("Wells Fargo"), and Orlans PC ("Orlans") (collectively, "Defendants"), alleging that Defendants U.S. Bank and Wells Fargo fraudulently claim an interest in his property (Count I) and wrongfully initiated foreclosure proceedings against him (Count II). (Doc # 1) Garland also references several other statutes and legal theories throughout the Complaint that do not form the basis of a cognizable claim.

1

Orlans removed this case to this Court on July 11, 2017. (*Id.*) Also on July 11, 2017, lawyers from the law firm Plunkett Cooney filed appearances on behalf of Wells Fargo. (Doc # 2; Doc # 3) On July 18, 2017, Orlans filed a Motion to Dismiss (Doc # 4) and Wells Fargo filed a separate Motion to Dismiss or for Summary Judgment (Doc # 5). Garland filed his Response to both Motions on August 8, 2017. (Doc # 7) Wells Fargo filed a Reply on August 15, 2017. (Doc # 8) On March 29, 2018, this Court granted both Orlans' and Wells Fargo's Motions to Dismiss. (Doc # 10)

The Court dismissed Garland's claims against Wells Fargo with prejudice. Defendant US Bank was not joined in either of the Motions to Dismiss. Garland, however, took no further action against U.S. Bank. On March 29, 2018, this Court directed Garland to show cause as to why his claims against U.S. Bank should not be dismissed for failure to prosecute. (Doc # 9) In his response to the Order to Show Cause, Garland indicated that he falsely believed that he was responding to all Defendants when he filed his Response to the respective Motions to Dismiss. (Doc # 11, ¶ 7) Garland requested a Clerk's Entry of Default against U.S. Bank on April 19, 2018. (Doc # 14) On April 20, 2018, a Clerk's Entry of Default was entered against U.S. Bank for failure to plead or otherwise defend. (Doc # 15)

U.S. Bank, by its attorneys from Plunkett Cooney, filed the present Motion to have the Court set aside the Clerk's Entry of Default. (Doc # 17) Garland has

not filed a response. U.S. Bank's attorneys claim that they erroneously believed that all responsibility for serving Garland's loan had been transferred away from U.S. Bank when Wells Fargo filed its Motion to Dismiss or for Summary Judgment. Believing that Wells Fargo did not have an existing relationship with U.S. Bank, attorneys from Plunkett Cooney did not appear on behalf of U.S. Bank or include U.S. Bank as part of the Motion to Dismiss or for Summary Judgment (Doc # 5).

After Garland filed his Response to the Order to Show Cause (Doc # 11), Wells Fargo claims to have realized that U.S. Bank was the trustee for the trust that owned Garland's loan and Wells Fargo was the servicer of Garland's loan, not U.S. Bank. (Doc # 17, Pg ID 254) U.S. Bank argues that good cause exists for the default to be set aside because: (1) the default was the result of a ministerial error by Wells Fargo; (2) Garland has not identified any culpable conduct by U.S. Bank; and (3) the claims and defenses raised by Wells Fargo in its Motion to Dismiss or for Summary Judgment (Doc # 5) equally apply to U.S. Bank. Garland has not contested U.S. Bank's arguments. The Court agrees with U.S. Bank.

Pursuant to Federal Rule of Civil Procedure 55(c), "the court may set aside an entry of default for good cause" or under Rule 60(b). The Court will consider the present Motion under the "good cause" standard of Rule 55(c) instead of the more demanding "good cause" standard under Rule 60(b) because damages have not been determined nor has a judgment been entered. *See Kuhnmuench v.*

*LivaNova PLC*, 323 F.R.D. 563, 566 (E.D. Mich. 2017) ("The more stringent Rule 60(b) standard does not apply unless the court has determined damages and a judgment has been entered.") (citation and quotation omitted). Under Rule 55(c), a court considers three factors: "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *United Coin Meter Co. v. Seaboard Coastline Railroad,* 705 F.2d 839, 844 (6th Cir. 1983). Generally, Sixth Circuit decisions on Rule 55(c) motions to set aside default are "extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010). "It has been found that a district court abuses its discretion in denying a motion to set aside an entry of default when . . . the defendant had a meritorious defense and no prejudice would result to the plaintiff if the matter were to go forward." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003).

The Clerk's Entry of Default as to Defendant U.S. Bank must be set aside because Garland has not identified any culpable conduct by U.S. Bank and the claims and defenses previously raised by Wells Fargo equally apply to U.S. Bank. U.S. Bank has a meritorious defense and Garland will not suffer prejudice if the proceedings go forward. U.S. Bank's Motion to Set Aside Clerk's Default is **GRANTED**, and, for the reasons set forth in this Court's Order Granting Wells

4

Fargo's Motion to Dismiss or for Summary Judgment (Doc # 10), Garland's Complaint as to U.S. Bank is **DISMISSED**.

**CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED that Defendant U.S. Bank, National Association's Motion to Set Aside Clerk's Default (Doc # 17) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff Freddie Garland's claims against U.S. Bank, National Association are **DISMISSED**.

s/Denise Page Hood
Chief Judge, U. S. District Court

DATED:  March 25, 2019